IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DALLIN HAWKINS,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**SALT LAKE COUNTY JAIL, ET AL.,**<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19CV491DAK<br><br>Judge Dale A. Kimball |

　　　　Plaintiff has several pending motions before the court.  However, while the court is screening a Complaint under 28 U.S.C. § 1915A in an action where the Plaintiff is proceeding *in forma pauperis*, several of these motions are unnecessary, inappropriate, and premature.

　　　　Plaintiff's Motion for Release [ECF No. 17] appears to be an attempt to amend Plaintiff's Complaint.  The motion either alleges new claims or new remedies and thus attempts to amend the Complaint.  Instead of filing a Motion for Release, which is not a motion recognized by the court, Plaintiff should have filed a Motion for Leave to Amend Complaint.  The Motion for Release, therefore, is DENIED.  Because there is no analysis as to why the court should allow Plaintiff to add this request to Plaintiff's Complaint, Amended Complaint, or First Amended Complaint, it would be futile for the court to construe the motion as a motion for leave to file another amended complaint.  However, Plaintiff can file a Motion for Leave to Amend with respect to this information explaining why and on what basis this information could or should be added to Plaintiff's Complaint and the court would consider such a motion.

Plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 24] contains no analysis and does not identify how or why Plaintiff seeks to amend the original Complaint. Because it has absolutely no analysis, the motion is DENIED.

Plaintiff's motion to waive copy fees [ECF No. 25] is unnecessary while the court is screening Plaintiff's Complaint.  Plaintiff's motion to waive copy fees does not ask the court for copies of anything.  When and if the case proceeds past screening, the court may notify Plaintiff if he is required to pay for copies.  Until such time and without a request for copies, Plaintiff's motion is MOOT.

Plaintiff's Motion for Summary Judgment [ECF No. 26] is premature while the court is screening Plaintiff's Complaint.  Plaintiff cannot move for summary judgment before any of the defendants have been served with the Complaint. Accordingly, Plaintiff's Motion for Summary is DENIED WITHOUT PREJUDICE as premature.  The motion may be filed if there is a basis for such a motion if and when Defendants are served with the Complaint.

Plaintiff's Motion for Entry of Default [ECF No. 28] is similarly premature until the court determines whether the Complaint has enough merit to be served on Defendants.  A party cannot be in default until a complaint is properly served on the party and the party has failed to respond within the required time period for doing so.  Therefore, Plaintiff's motion for entry of default is DENIED.

Plaintiff's Motion for Leave to File Requests to Submit for Decision [ECF No. 29] is unnecessary.  Under the court's local rule DUCivR 7-3, a party can submit a request to submit for decision when the briefing on a motion has been completed or when the time for such briefing has expired.  Plaintiff does not need to file a motion for leave to file a request to submit for decision.  The requests in this case relate to unnecessary or premature motions for which the

Defendants have not responded because they have not been served. Therefore, not only is the motion to leave unnecessary it relates to motions that are unnecessary. Accordingly, the motion for leave to file such requests is DENIED.

Plaintiff's Motion for Service of Process [ECF No. 32] is also DENIED AS MOOT. The court has already denied a previous motion for service of process that was unnecessary. If, after the case is screened, it appears that his case has merit and states a claim upon which relief may be granted, the court may order service of process.

The court emphasizes to Plaintiff that the filing of these unnecessary motions does not help his case and delays the court's ability to address the substance of Plaintiff's Complaint. These motions slow down the process. Until the court notifies Plaintiff that it has screened his Complaint, additional motions are not necessary or advised.

The court also notes that Plaintiff has filed an original Complaint, an Amended Complaint, and a First Amended Complaint. The court will review each of these in its screening process. However, Plaintiff should refrain from filing any further amended complaints without seeking leave of court to do so.

DATED this 29th day of September, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge